IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Debra Faderwick, | ) | |
|     Plaintiff, | ) ) ) | |
| v. | ) ) | No.   15 C 8413 |
| Cascade Capital, LLC, a Delaware limited liability company, and Dynamic Recovery Solutions, LLC, a South Carolina limited liability company, | ) ) ) ) ) ) | |
|     Defendants. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Debra Faderwick, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendants reside and transact business here.

## PARTIES

3. Plaintiff, Debra Faderwick ("Faderwick"), is a citizen of the State of New Jersey, from whom Defendants attempted to collect a delinquent consumer debt that she allegedly owed for a First USA credit card, despite the fact that she had exercised her rights, pursuant to the FDCPA, to refuse to pay the debt and to be represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and

People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Cascade Capital, LLC ("Cascade"), is a Delaware limited liability company, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Cascade operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Cascade was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant, Dynamic Recovery Solutions, LLC ("DRS"), is a South Carolina limited liability company, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. DRS operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant DRS was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

6. Defendant Cascade is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies, like Defendant DRS.

7. Defendants Cascade and DRS are both authorized to conduct business in Illinois, and maintain registered agents here, <u>see</u>, records from the Illinois Secretary of State, attached as Group Exhibit <u>A</u>. In fact, Defendants DRS and Cascade conduct

business in Illinois.

8.     Moreover, Defendants Cascade and DRS are each licensed as collection agencies in Illinois, see, records from the Illinois Division of Professional Regulation, attached as Group Exhibit B.  In fact, Defendants DRS and Cascade act as debt collection agencies in Illinois.

**FACTUAL ALLEGATIONS**

9.     Ms. Faderwick is a disabled woman, with limited assets and income, who, during 2007, fell behind on paying her bills, including a debt she allegedly owed for a First USA credit card.  At some point in time after that debt became delinquent, another bad debt buyer/debt collector, Palisades Collection ("Palisades"), bought/obtained Ms. Faderwick's alleged First USA debt.  When Palisades began trying to collect the First USA debt from Ms. Faderwick, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant's collection actions.

10.    Specifically, Palisades had another debt collector, ProLine Solutions Group ("ProLine"), send Ms. Faderwick a collection letter, dated July 28, 2008 demanding payment of the First USA bank debt.  A copy of this collection letter is attached as Exhibit C.

11.    On July 30, 2008, one of Ms. Faderwick's attorneys at LASPD informed Palisades, through its agent, ProLine, that Ms. Faderwick was represented by counsel, and directed Palisades to cease contacting her, and to cease all further collection activities because Ms. Faderwick was forced, by her financial circumstances to refuse to pay the debt. Copies of this letter and fax confirmation are attached as Exhibit D.

12. The effect of this notice was that the debt could then only be collected upon via a negative credit report or a lawsuit – calling or writing the consumer had to stop. Thereafter, Defendant Cascade then bought/obtained Ms. Faderwick's alleged First USA account, ignored the information in the account notes that told it, as the successor-in-interest, that it could no longer call or write Ms. Faderwick and had Defendant DRS send Ms. Faderwick a collection letter, dated July 15, 2015, demanding payment of the First USA debt. A copy of this collection letter is attached as Exhibit E.

13. Moreover, Defendants knew, or should have known, that there was a problem with the debt at issue due to the age of the portfolio of the debts that included Plaintiff's alleged debt. In fact, any reasonable review of the records on this account would have shown that the account should not have been collected upon in the manner at issue in this matter.

14. Accordingly, on September 10, 2015, Ms. Faderwick's LASPD attorneys had to send Defendants a letter directing it to cease communications and to cease collections. Copies of this letter and fax confirmation are attached as Exhibit F.

15. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

16. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

17. Plaintiff adopts and realleges ¶¶ 1-16.

4

18. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

19. Here, the letter from Plaintiff's agent/attorney, LASPD, told Defendants to cease communications and cease collections. By continuing to communicate regarding this debt and demanding payment, Defendants violated § 1692c(c) of the FDCPA.

20. Defendants' violation of § 1692c(c) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA -- Communicating With A Consumer Represented By Counsel

21. Plaintiff adopts and realleges ¶¶ 1-16.

22. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

23. Defendants knew, or readily could have known, that Plaintiff was represented by counsel in connection with her debt because her attorneys at LASPD had given notice in writing, to Defendants' predecessor-in-interest that Plaintiff was represented by counsel, and had directed a cessation of communications with Plaintiff. By directly sending Plaintiff a collection letter, despite being advised that she was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

5

24. Defendants' violation of § 1692c(a)(2) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees. <u>See</u>, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Debra Faderwick, prays that this Court:

1. Find that Defendants' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Faderwick, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Debra Faderwick, demands trial by jury.

    Debra Faderwick,

    By: <u>/s/ David J. Philipps</u>
    One of Plaintiff's Attorneys

Dated: September 24, 2015

David J. Philipps   (Ill. Bar No. 06196285)
Mary E. Philipps   (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com